UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

RICHARD SCOTT FOTHERINGHAM,          Case No.: 8:23-bk-01315-RCT
                                                                      Chapter 13

    Debtor.
_____/

CRISTIN OBSITNIK and THOMAS LOCKHART,

    Plaintiffs,                                    Adv. Pro.: 8:23-ap-00078-RCT
v.

RICHARD SCOTT FOTHERINGHAM,

    Defendant.
_____/

## **PLAINTIFFS MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

Plaintiffs, Cristin Obsitnik and Thomas Lockhart ("collectively the **"Plaintiffs"**), by and through its undersigned counsel and pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure, which adopts and incorporates Rule 55 of the Federal Rules of Civil Procedure, and Local Bankruptcy Rule 7055-2, hereby moves for final judgment by default (the "**Motion**") against Defendant, Richard Scott Fotheringham (the "**Debtor**"). In support of this Motion, Plaintiffs states:

### INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs initiated this adversary proceeding seeking a determination that the Debtor's debt to Plaintiffs is nondischargeable based on the Debtor's false pretenses, false representations, and actual fraud. An entry of default was entered by the Clerk of the Bankruptcy Court against the Debtor because the Debtor failed to file a responsive pleading as required by Rule 7012 of the Federal Rules of Bankruptcy Procedure. As of the Date of

this Motion, the Debtor has not filed an answer or other responsive pleading, nor has he appeared or shown any intent to participate in this proceeding. The Plaintiffs now seek entry of a final judgment by default against the Debtor on their nondischargeability claims.

The Plaintiffs' claims are based on the Debtor's false pretenses, false representations, false statements (oral and written), and actual fraud arising from Debtor's representation that he was a licensed construction contractor in the state of Florida, when in fact, the Debtor was not a licensed construction contractor in the state of Florida. Debtor's fraudulent conduct was confirmed by the Florida Department of Business and Professional Regulation ("DBPR"), who found that he engaged in unlicensed construction contracting when he provided services to the Plaintiffs. The amount of damages Plaintiffs request be adjudged nondischargeable as set forth in the Amended Complaint consists of: $68,091.00, which are trebled to $204,273.00, prepetition legal fees and costs of $35,521.80, postpetition legal fees and costs of $5,000 to pursue this claim in bankruptcy court, and any other unliquidated damages resulting from the Debtor's fraudulent conduct and unlicensed contracting.

Plaintiffs submit the following documents in support of this Motion for entry of a final judgment against the Debtor: (1) Plaintiffs' Amended Complaint Objecting to Dischargeability of Debt and for Other Relief (the "Amended Complaint") (Doc. 6); (2) the four State of Florida, Department of Business and Professional Regulations ("DBPR") administrative complaints (collectively, the "DBPR Administrative Complaints"); (3) the Final Order Adopting the Debtor's Settlement Agreement with the DBPR; (4) the

September 6, 2023 Entry of Default (the "Default") (Doc. 16)[1] entered by the Clerk of the Bankruptcy Court; (5) the Affidavit of Cristin Obsitnik, attached as **Exhibit A**; (6) the Affidavit of Thomas Lockhart, attached as **Exhibit B**; (7) Plaintiffs' proposed Order Granting Motion for Final Default Judgment, which is attached as **Exhibit C;** and (8) the proposed Final Judgment, which is attached as **Exhibit D**.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) & (b) and 28 U.S.C. § 157(b). This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and the Court may enter a final order.

## RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### Plaintiffs' Dealings with the Debtor

In mid-2020, Plaintiffs decided to remodel properties they owned in the Saddlebrook Community in Pasco County, Florida ("Saddlebrook"). While looking for a licensed contractor to perform construction and remodeling work, Plaintiffs met the Debtor. The Debtor advised Plaintiffs that he and his company Just Remodel It ("JRI") were "licensed and insured" contractors and were interested in doing the construction and remodeling work.[2] Plaintiffs hired the Debtor to perform the requested construction services based on the oral and written representations by the Debtor of his licensing, which Plaintiffs justifiably relied upon in selecting him for the construction work.

---

[1] All references to document numbers in this Motion refer to the documents filed in this adversary proceeding, while documents filed in the main bankruptcy case are designated as (Bankr. Doc. ___).

The Plaintiffs entered into two contracts with the Debtor to perform construction and remodeling services at their properties. On or about July 17, 2020, Plaintiffs entered into a written contract (the "July Contract") with the Debtor for construction remodeling work at the property located at 29200 Bay Hollow Drive, Unit 3304, Wesley Chapel, FL 33534 (the "3304 Property").[3] The total value of the July Contract, as amended, was $47,500.00 and Plaintiffs paid the Debtor a sum of $26,600.00 toward the July Contract. On or about April 16, 2021, Plaintiffs entered into a written contract (the "April Contract") with the Debtor for construction remodeling work at Plaintiffs' property at 29254 Bay Hollow Drive, Units 3270-72, Wesley Chapel, Florida 33534 (the "3270-72 Property") (Hereinafter, the 3304 Property and 3270-72 Property are collectively referred to as the "Pasco Homes").[4] The total value of the April Contract, as amended, was $74,000.00 and Plaintiffs made payments totaling $41,491.00 toward the April Contract. In total, Plaintiffs made payments totaling $68,091.00 to the Debtor.

During the course performance of the July Contract and April Contract, Plaintiffs became aware that neither the Debtor nor JRI were licensed contractors with the State of Florida or Pasco County, Florida. On or about September 7, 2021, Plaintiffs, through their state court counsel, terminated the July Contract and April Contract (the "Notice of Termination") due to the fact the Debtor was an unlicensed contractor and that the work that had been performed was deficient and sub-standard.[5]

---

[2] A copy of the Debtor's business card indicating the Debtor is "licensed and insured" is attached to the Amended Complaint as **Exhibit G**.

[3] A copy of the July Contract is attached to the Amended Complaint as **Exhibit I**.

[4] A copy of the April Contract is attached to the Amended Complaint as **Exhibit J**.

[5] A copy of the Notice of Termination is attached to the Amended Complaint as **Exhibit K**.

On or about September 17, 2021, Plaintiffs, through their state court counsel, sent a Demand for Damages and asserted damages of $41,491.00 under the 3272 Property contract and $26,600.00 under the 3304 Property contract.[6] The Debtor did not respond to the Demand for Damages Letter.

### State Court Litigation Against the Debtor

On October 4, 2021, Plaintiffs filed a complaint against the Defendant in the Circuit Court of the Sixth Judicial Circuit in Pasco County, Florida under case number 512022MM00433MMAXES for breach of contract and unlicensed construction activity (the "Pasco Civil Action"). The Pasco Civil Action has been stayed by the Debtor's bankruptcy case. The State of Florida also commenced two criminal cases against the Debtor for unlicensed contracting, which are scheduled to go to trial in November of 2023.

### DBPR Enforcement Action Against the Debtor for Unlicensed Contracting

On June 8, 2022, the DBPR commenced an administrative action against the Debtor by filing four Administrative Complaints (collectively, the "DBPR Complaints") for unlicensed construction contracting services.[7] The DBPR Complaints were directed at the services the Debtor provided to Plaintiffs at the Pasco Homes.[8] The Debtor subsequently entered into a settlement agreement with the DBPR, which stipulated that while the Debtor rendered services to Plaintiffs, the Debtor was not "registered to engage in the practice of

---

[6] A true and correct copy of the Demand for Damages is attached to the Amended Complaint as **Exhibit L**.
[7] A true and correct copy of the DBPR Complaints are attached to the Amended Complaint as **Exhibits A**, **B**, **C**, and **D**.
[8] The DBPR filed four separate actions for each category of unlicensed activity by the Debtor. A separate complaint was filed for the Debtor's unlicensed electrical and construction activities for each time period the Debtor engaged in these activities at the Pasco Homes.

construction or electrical contracting in the State of Florida." *See* Amended Complaint, Exhibit E, Final Order Adopting Settlement Agreement, Ex. 1 at ¶¶ 1 & 2. Pursuant to the DBPR Settlement Agreement, the Debtor agreed to the following stipulated conclusions of law:

> [The Debtor] admits that the facts, as set forth in the [DBPR Complaints]… constitute violations of Chapter 455 and 489, Florida Statutes, as alleged in the Exhibits A, B, C and D, attached thereto, and Sections 489 and 455.227(1)(q), Florida Statute, as alleged in the [DBPR Complaints].

*See* Amended Complaint, Exhibit E, Final Order Adopting Settlement Agreement, Ex. 1 at ¶ 5. On July 19, 2022, the DBPR entered its Final Order Adopting Settlement Agreement, which made the Debtor's settlement with the DBPR final.

### The Debtor's Bankruptcy Case

On April 3, 2023, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code with this Court. (Bankr. Doc. 1). On June 12, 2023, Plaintiffs timely filed their Proof of Claim against the Debtor in the amount of $204,273.00. Neither the Debtor nor any interested party has filed an objection to the Plaintiffs' claim.

### The Debtor's Failure to Answer or Otherwise Defend this Adversary Proceeding

On July 3, 2023, Plaintiffs filed their two-count adversary complaint against the Debtor (Doc. 1), which was subsequently amended on July 12, 2023. (Doc. 6). On July 14, 2023, the Debtor was served a copy of the Amended Complaint. (Doc. 7). On August 15, 2023, Plaintiffs filed an Amended Motion for Entry of Default (Doc. 15) against the Debtor. On September 6, 2023, the Clerk of the Bankruptcy Court entered a default against the Debtor. (Doc. 16).

To date, the Debtor has not filed an answer or otherwise defended himself in this adversary proceeding. No attorney has filed a notice of appearance on behalf of the Debtor

in this adversary proceeding. The Debtor is not an infant or incompetent. The Debtor is not presently in the military service of the United States.

ARGUMENT AND MEMORANDUM OF LAW

A.  Default Judgment Standard

The factual allegations in Plaintiffs' Amended Complaint are deemed admitted and provide ample support for entry of a final judgment against the Debtor. Entry of a default judgment is governed by Rule 55(b) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure. When a defendant does not respond to the plaintiff's complaint, the defendant is "deemed to admit to plaintiff's well-plead allegations of fact." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d.1239, 1245 (11th Cir. 2015); *Nishimatsu Constr. Co. Ltd. v. Houst. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Accordingly, to enter a judgment by default, the Court must determine "that the well-pleaded allegations of the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec, LLC. v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). The standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim". *Surtain*, 789 F.3d at 1245.

B.  **Plaintiffs are Entitled to Default Judgment Against Defendant as to the Nondischargeability of their Claim**

The well-pleaded allegations in Plaintiffs' Amended Complaint support entry of default judgment against the Debtor. The Amended Complaint establishes that the Debtor was never licensed to conduct the construction and electrical contracting services he provided to Plaintiffs. The Debtor represented orally and in writing that he was licensed and

insured, and the Plaintiffs justifiably relied on Debtor's fraudulent statements. Lastly, the allegations in the Amended Complaint show that the Debtor's misconduct caused damages to the Plaintiffs. Specifically, the Debtor procured $68,091 from Plaintiffs through his fraudulent conduct and, as a result of Defendant's misconduct, the Plaintiffs have incurred, and continue to incur, legal fees resulting from the Debtor's unlicensed contracting activities and deficient work.

1. **Nondischargeability Pursuant to § 523(a)(2)(A)**

Plaintiffs' nondischargeability claim under § 523(a)(2)(A) is based on the Debtor's false representation that he was a licensed contractor to induce Plaintiffs into entering into contracts with the Debtor and paying the Debtor for construction services. A claim is nondischargeable under § 523(a)(2)(A) where it is shown by a preponderance of the evidence that: (1) the Debtor made a false representation with the purpose and intent to deceive Plaintiffs; (2) Plaintiffs relied on the misrepresentation; (3) the reliance was justified; and (4) Plaintiffs sustained a loss as a result of the misrepresentation. *SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998); *In re Wiggins*, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

> [However], [t]he concept of false pretenses is especially broad. It includes any intentional fraud or deceit practiced by whatever method in whatever manner. False pretenses may be implied from conduct or may consist of concealment or non- disclosure where there is a duty to speak, and may consist of any acts, work, symbol, or token calculated and intended to deceive ... It is a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or a false and misleading understanding of a transaction, by which a creditor is wrongfully induced by a debtor to transfer property or extend credit to the debtor ... Silence or concealment as to a material fact can constitute false pretenses.

*In re Lloyd*, 549 B.R. at 292 (citing *Taylor v. Wood* (*In re Wood*), 245 F. App'x 916, 918 (11th Cir. 2007)).

Here, it is undisputed that the Debtor did not possess the required licensure to provide the services he contracted with Plaintiffs to perform. Debtor made oral and written misrepresentations that he was licensed to provide construction services, despite not possessing any required licenses from the State of Florida or certification from Pasco County. *See* Amended Complaint at ¶¶ 18, 22, 24. Further, the Debtor's lack of licensure was confirmed by the DBPR in its Final Order Adopting Settlement Agreement wherein the Debtor confirmed that the facts in the DBPR Complaints constitute unlicensed construction contracting. *See* Amended Complaint at Exhibit E, Final Order Settlement Agreement, Ex. 1, ¶ 5.

The Amended Complaint also establishes that Plaintiffs relied on the Debtor's false representations in choosing to utilize the Debtor's services and that reliance was justified given the lengths the Debtor went in presenting himself as a sufficiently licensed construction contractor. *See also* **Exhibits A & B at ¶ 8**. Not only did the Debtor falsely represent himself to Plaintiffs as a licensed contractor, but the Debtor continued that falsity when he applied to Saddlebrook for approval to work on the Pasco Homes and represented he had an active contractor's license. Amended Complaint at ¶ 24. Finally, it is undisputed that Plaintiffs paid the Debtor a sum of $68,091.00 for work to the Pasco Homes. This amount constitutes damages that are the direct result of Debtor's fraud because—aside from the substandard and defective work—the Plaintiffs would not have suffered those damages and paid the funds to the Debtor if the Debtor had not committed the fraud in the first place.

Accordingly, the well-plead facts in the Amended Complaint support entry of judgment against Defendant that the debt owed to Plaintiffs is nondischargeable under § 523(a)(2)(A).

**2. Nondischargeability Pursuant to § 523(a)(2)(B)**

Plaintiffs' nondischargeability claim under § 523(a)(2)(B) is based on the Debtor's false written statements that he was "licensed and insured" to induce Plaintiffs into paying him for construction contracting services. Plaintiff's claim is nondischargeable under § 523(a)(2)(B) because the Debtor provided a written statement: (1) that was materially false; (2) respecting the Debtor's financial condition; (3) on which the Plaintiffs reasonably relied; and (4) the Debtor made with the intent to deceive. *In re Hunter*, 229 B.R. 851, 859 (Bankr. M.D. Fla. 1999).

The Debtor represented to Plaintiffs in writing that he was "licensed and insured." Prior to commencing work on the Pasco Home, the Debtor represented in a written statement to Saddlebrook that he possessed the licensure and minimum insurance required by Saddlebrook for contractors working therein. The Debtor's written statements as to his licensure and insurance were materially false and made with the intent to deceive Plaintiffs and Saddlebrook into believing that the Debtor was licensed and possessed sufficient insurance.

Moreover, the Debtor's statement regarding his licensing and insurance is a materially false statement respecting the Debtor's financial condition. The Debtor's statement regarding his licensing status is directly related to the Debtor's financial status as the licensing requirements for contractors in Florida require proof of financial stability and

adequate insurance. *See* DBPR Construction Industry Licensing Board, Application for Certified General Contractor as Individual, Form DBPR CILB 5-A. Plaintiffs reasonably relied on the written statements provided by the Debtor. *See* **Exhibits A & B at ¶ 8**. Lastly, the Debtor intended to deceive Plaintiffs by providing a false written statement because he knew that he was not actually licensed and both marketed and represented himself as a licensed contractor.

Accordingly, Plaintiffs are entitled to a default judgment in their favor in this adversary proceeding because the well-pleaded allegations in the Amended Complaint state a claim for nondischargeability pursuant to § 523(a)(2)(B).

C. **The Damages Suffered by the Plaintiffs as a Result of the Debtor's Unlicensed Contracting are Nondischargeable and the Court has Jurisdiction to Determine the Exact Amount of Debt Excepted from the Discharge.**

The Debtor's false and fraudulent misrepresentations caused the Plaintiffs to suffer significant damages, which Plaintiffs request this Court to determine constitute a nondischargeable debt. To determine that the debt owed by the Debtor is nondischargeable, it is also necessary to quantify the amount of the nondischargeable debt. *In re Vinecki*, 247 B.R. 327, 329 (Bankr. M.D. Fla. 2000) (Paskay, J.) (concluding that bankruptcy court has jurisdiction to enter a money judgment once it has determined that a debt is with the exception of § 523(a)); *see also Cowen v. Kennedy* (*In re Kennedy*), 108 F.3d 1015, 1017–18 (9th Cir. 1997) ("It is impossible to separate the determination of the dischargeability function from the function of fixing the amount of the non-dischargeable debt.").

Debtor obtained a total of $68,091.00 from Plaintiffs based on the false and fraudulent representation that Debtor was licensed to engage in the work he contracted with

Plaintiffs to perform. This amount is not in dispute and is supported by the allegations and the documents attached to the Amended Complaint. At no time during the Debtor's performance of construction services at the Pasco Homes was the Debtor registered or certified to engage in construction contracting services as the Debtor never held the required licensure from the State of Florida to perform the services he provided or contracted to perform. Notwithstanding the illegality of the work due to the Debtor's unlicensed status, the work that was performed was substandard and defective.

Further, Plaintiffs' damages owed by the Debtor are not limited to the funds the Debtor procured through his fraudulent conduct. Florida law provides that Plaintiffs are also entitled to treble damages amounting to three times the actual damages, in addition to costs and attorneys' fees. Section 768.0425(2) of the Florida Statutes provides that:

> In any action against a contractor for injuries sustained from the contractor's negligence, malfeasance, or misfeasance, the consumer shall be entitled to **three times** the actual compensatory damages sustained in addition to costs and attorney's fees if the contractor is neither certified as a contractor by the state nor licensed as a contractor pursuant to the laws of the municipality or county within which she or he is conducting business. (emphasis added).

Plaintiffs meet the definition of a "consumer" under this statute. Fla. Stat. § 768.0425(1). Accordingly, Plaintiffs are entitled to recover from the Debtor three times the actual compensatory damages of $68,091.00 sustained by Plaintiffs. Thus, Plaintiffs are entitled to $204,273.00, exclusive of attorneys' fees and costs.

Plaintiffs are also entitled to the attorneys' fees and costs incurred as a result of Debtor's unlicensed contracting and because those amounts are provided for under section 768.0425(2) of the Florida Statutes. *Harry Bradford Barrett Residuary Trust v. Barrett (In re*

*Barrett)*, 410 B.R. 113, 123–124 (Bankr. S.D. Fla. 2009) (The law is well settled that "[a]ttorney's fees and costs constitute a debt under 11 U.S.C. §523 when they 'result from' the debtor's conduct underlying the debt."). Plaintiffs have incurred $35,521.80 in prepetition attorneys' fees and costs in prosecuting their claims in state court. Moreover, Plaintiffs have incurred an additional $5,000 legal fees and costs in the Debtor's bankruptcy case and this adversary proceeding which are also recoverable under section 768.0425(2) of the Florida Statutes. The attorneys' fees and costs incurred by Plaintiffs are nondischargeable because they stem from the damages incurred by Plaintiff's as a result of the Debtor's fraud. *See Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998) ("[A]ny debt . . . for money for money, property, services, or . . . credit, to the extent obtained by fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.").

Accordingly, Plaintiffs request the court determine that the $244,794.80 owed by the Debtor to Plaintiffs is not dischargeable. Alternatively, if the Court determines it needs additional evidence, Plaintiffs request the Court set an evidentiary hearing to inquire into additional facts needed to consider the Motion. *See* Fed. R. Civ. P. 55(b)(2) (stating that the court may conduct a hearing when, to enter a judgment, it needs to determine the amount of damages).

## CONCLUSION

The well-plead allegations in the Amended Complaint show that Plaintiffs are entitled to a final judgment against the Debtor declaring that the damages suffered by Plaintiffs resulting from Debtor's fraudulent conduct are nondischargeable. Alternatively, if

the Court determines it needs additional evidence, Plaintiffs request the Court set an evidentiary hearing to inquire into additional facts needed to consider the Motion.

Plaintiffs respectfully request that a default judgment be entered against the Debtor in favor of Plaintiffs declaring the amounts identified below are nondischargeable in the Debtor's bankruptcy case.

WHEREFORE, Plaintiffs respectfully requests this Court to enter a final default judgement in its favor and against the Debtor, finding that the following amounts are nondischargeable under §§ 523(a)(2)(A) and (B) of the Bankruptcy Code and that:

(a) the prepetition debt due to Plaintiffs in the amount of $68,091, which is trebled to $204,273 under section 768.0425(2), Florida Statutes, is determined nondischargeable in this case;

(b) the prepetition legal fees and costs of $35,521.80 are nondischargeable;

(c) the postpetition legal fees and costs of $5,000 incurred by the Plaintiffs in the Debtor's bankruptcy case and in this adversary proceeding are nondischargeable;

(d) the attorneys' fees, costs, expenses, and interest incurred by Plaintiffs on or after the Petition Date, with respect to the Debtor's bankruptcy case and/or this adversary proceeding are nondischargeable;

(e) the judgments and legal fees awarded by the Court in items (a) through (d) above are determined nondischargeable in any other chapter under the Bankruptcy Code to which this case may be converted, and in any future bankruptcy case filed by the Debtor;

(f) the Court reserves jurisdiction to determine the amount of unliquidated legal fees and costs incurred by Plaintiffs in the Debtor's bankruptcy case and this adversary proceeding and to determine whether such amounts are nondischargeable; and

(g) for any other additional relief the Court determines is just and proper.

Respectfully submitted on October 17, 2023.   **WIT LAW, PLLC**
2102 W. Cass St., Second Floor
Tampa, FL 33606

/s/ Andrew J. Wit

Andrew J. Wit
Fla. Bar No.: 1038525
awit@witlaw.com
(813) 522-6069
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2023, a true copy of the foregoing has been furnished via CM/ECF transmission to all parties currently on the list to receive electronic mail notice/service for this case and on October 18, 2023 via U.S. First Class Mail to the Debtor/Defendant, Richard Scott Fotheringham at 29443 Azalea Lane, Wesley Chapel, Florida 33543.

/s/ Andrew J. Wit
**Andrew J. Wit**